## El Pueblo *v.* Luiggi et al.

Apelación procedente de la Corte de Distrito de Aguadilla.

### Procedimiento sobre cobro de costas en causas criminales.

No. 885.—Resuelto en diciembre 6, 1912.

Fiadores en Causas Criminales—Responsabilidad por el Pago de las Costas—Traducción Errónea al Español del Artículo 49 del Código de Enjuiciamiento Criminal.—De acuerdo con el texto inglés del artículo 49 del Código de Enjuiciamiento Criminal, cuando en grado de apelación la sentencia es confirmada contra el acusado o la apelación es desestimada, la corte de distrito debe dictar al terminar los cinco días siguientes, sentencia contra los fiadores por el importe de la multa y de las costas, si no hubieren sido satisfechas. En el texto español del mismo artículo se ha omitido erroneamente la palabra ''costas.''

Id.—Responsabilidad de los Fiadores—Costas.—De acuerdo con el artículo 48 del Código de Enjuiciamiento Criminal, enmendado por ley de Marzo 12, 1908, la fianza, cuando se apela de una sentencia dada en una corte de distrito en causa criminal, tiene  por objeto garantizar el pago de las costas que al acusado pueda imponer el tribunal de distrito, incluyendo las costas en que haya incurrido ante la corte inferior, y para garantizar la comparecencia del acusado ante el tribunal de distrito en la fecha o fechas en que su presencia pueda ser necesaria.

Id.—Costas en Causas Criminales—Responsabilidad de los Fiadores—Interpretación de Ley.—Si bien de acuerdo con el artículo 271 del Código de Enjuiciamiento Criminal y la ley de marzo 9, 1911, las costas deben imponerse a los acusados, tales preceptos no impiden que si los acusados no la satisfacen se exijan a sus fiadores, como responsables al pago de las mismas.

Id.—Cobro de Costas en Causas Criminales—Ejecución de Sentencia.—El procedimiento para hacer efectivas las costas criminales contra los fiadores no es un caso civil, sino que debe considerarse como un incidente sobre ejecución de sentencia en causa criminal, y el Fiscal debe gestionar el cobro de las costas en una causa presentando una moción separada para cada una y no establecer un solo procedimiento incluyendo en él a todos los fiadores de distintas causas criminales.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Carlos Franco Soto.*

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

En 20 de abril del corriente año el Fiscal de la Corte de Distrito de Aguadilla presentó moción a dicha corte en cobro

de costas bajo el título de *El Pueblo de Puerto Rico* v. *José Inés González et al.*, con súplica de que se dictara una orden para que las costas a cuyo pago habían sido condenados el José Inés González y otros varios acusados en distintas causas que fueron en grado de apelación a aquella corte, se hicieran efectivas por los fiadores respectivos e ingresaran en el Tesoro de Puerto Rico.

En la moción se expresan el número de cada causa, el nombre de los acusados, la cantidad adeudada y los fiadores responsables, entre los cuales figuran Eduardo Luiggi, Ulpiano Paoli, Juan González, Vicente Júdice, Armando Méndez y Pedro Díaz.

La Corte de Distrito de Aguadilla por orden de 25 de abril citado, decretó que todos los fiadores relacionados en la moción fueran requeridos al pago de las costas de que respectivamente eran responsables, señalando además el día 8 de mayo siguiente para una comparecencia en que aquéllos podrían exponer las razones que tuvieran para no hacer efectivas dichas costas y después de esa comparecencia en que los fiadores por medio de sus abogados alegaron lo que estimaron conducente en defensa de su derecho, la corte por orden de 21 de mayo citado declaró que los fiadores venían obligados por la ley a pagar las costas de que se trata y ordenó en su consecuencia que se libraran los mandamientos para hacerlas efectivas, contra cuya resolución interpusieron recurso de apelación para ante esta Corte Suprema los fiadores Eduardo Luiggi y demás ya mencionados.

La representación de los apelantes alega como motivos del recurso los siguientes:

Primero. Infracción del artículo 49 del Código de Enjuiciamiento Criminal, el cual dispone que el juez dictará sentencia contra los fiadores por el importe de las multas, si éstas no hubieren sido satisfechas, haciendo caso omiso de costas, para cuyo cobro, por tanto, debe establecerse la correspondiente demanda ordinaria.

Segundo. Infracción del artículo 371 del mismo código,

preceptivo de que la fianza que otorgan los fiadores es para asegurar la comparecencia del acusado ante un tribunal y no para garantir las costas.

: Tercero. Falta de aplicación del artículo 271 del propio cuerpo legal, según el cual las costas deben ser satisfechas por los acusados, cuyo precepto guarda congruencia con la ley de 9 de marzo de 1911, que dispone que las costas en causas criminales sean impuestas a los acusados.

Lejos de infringirse en la orden recurrida el artículo 49 del Código de Enjuiciamiento Criminal, ha sido debidamente aplicado, e indudablemente la inexacta versión española del texto inglés es la que ha podido dar lugar al error en que incurre la parte apelante.

El texto inglés del citado artículo dice así:

*"Section 49. If on appeal the judgment is rendered against the defendant, or if the appeal is dismissed, the district court shall at the expiration of five days render judgment against the surities for the amount of fine and costs if not paid."*

Ordena, pues, traducido correctamente al español, que cuando en grado de apelación la sentencia es confirmada contra el acusado, o la apelación es desestimada, la corte de distrito debe dictar al terminar los cinco días siguientes, sentencia contra los fiadores por el importe de la multa y de las costas, si no hubieren sido satisfechas. La corte de Distrito de Aguadilla procedió con arreglo a ley al decretar que los fiadores pagaran las costas que sus fiados no habían satisfecho.

El artículo 371 del Código de Enjuiciamiento Criminal, según revela su simple lectura, no es de aplicación al presente caso. El aplicable es el artículo 48, enmendado por la ley de 12 de marzo de 1908, según el cual, la fianza, cuando se apela de una sentencia para ante una corte de distrito en causa criminal, tiene por objeto garantizar el pago de las costas que al acusado pueda imponer el tribunal de distrito, incluyendo las costas en que haya incurrido ante la corte

inferior, y para garantizar la comparecencia del acusado ante el tribunal de distrito en la fecha o fechas en que su presencia pueda ser necesaria.

Tampoco favorecen a la parte apelante el artículo 271 del Código de Enjuiciamiento Criminal y la ley de 9 de marzo de 1911, que invoca en el tercer motivo del recurso, pues si bien es cierto que las costas deben imponerse a los acusados según el artículo y ley de que dejamos hecha referencia, tal precepto no impide que si los acusados no las satisfacen, se exijan a sus fiadores, como responsables al pago de las mismas.

Antes de terminar debemos hacer constar que el presente no puede estimarse como un caso civil, sino como incidente sobre ejecución de sentencia en causa criminal; y añadiremos que en cada causa criminal de las enumeradas en la moción, ha debido el Fiscal de la Corte de Distrito de Aguadilla gestionar el cobro de las costas a ella correspondientes, y no establecer un solo procedimiento independiente con el objeto indicado. No se ajusta tal práctica a las buenas reglas de procedimiento, y recomendamos que no 'se siga en lo sucesivo.

La orden recurrida debe confirmarse.

*Confirmada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.